## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC.<br>201 Gibraltar Road, Suite 150<br>Horsham, PA 19044<br>　　　　Plaintiff,<br>　　v.<br>AARON HORN<br>111 Brentwood Drive<br>College Station, TX 77840<br>and<br>HORN HOLDINGS, LLC<br>111 Brentwood Drive<br>College Station, TX 77840<br>　　　　Defendants. | CIVIL ACTION<br><br>No. |

### COMPLAINT

1.　　Plaintiff, AAMCO Transmissions, Inc. ("ATI"), is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

2.　　Defendant, Aaron Horn ("Horn") is an adult individual who resides in Texas and maintains a principal place of business at 111 Brentwood Drive, College Station, TX 77840.

3.　　This Court also has diversity jurisdiction pursuant to 28 U.S.C.A. §1332 based upon the diverse citizenship of the parties and the amount in controversy which exceeds $75,000 exclusive of interest and costs.

4.　　Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that ATI resides in this District, Defendants have transacted business with ATI over the last several years in this District and the claims arise under a contract that was made in this District.

### BACKGROUND

5.　　On April 12, 2010, ATI, as franchisor, and Horn, as franchisee, entered into a franchise agreement (the "Franchise Agreement"), pursuant to which Horn was authorized to own and operate an AAMCO Transmission Center located at 111 Brentwood Drive, College Station,

Texas 77840 (the "Center").  The Franchise Agreement is attached to this Complaint as Attachment "A."

6. On May 10, 2010, ATI and Horn executed an "Amendment of Franchise Agreement to Add a Limited Liability Company" that added Horn Holdings, LLC as an additional franchisee under the Franchise Agreement.  The Amendment of Franchise Agreement to Add a Limited Liability Company is attached to this Complaint as Attachment "B."

7. As part of the transaction whereby Defendants became franchisees in ATI's AAMCO franchise system, Defendants were provided training and materials including trade secrets and proprietary information developed by ATI in all aspects of its franchise system of doing business.

8. Under the Franchise Agreement, ATI was entitled to perform any inspection deemed by ATI to be necessary to protect the standards of quality and uniformity of the AAMCO system.  *See* Ex. "A" at § 8.k.

9. In September of 2011, after receiving a tip from another AAMCO franchisee that was performing warranty work on a vehicle that purportedly had been repaired at Defendants' Center, ATI commenced an investigation of the Defendants' franchise in accordance with its rights under the Franchise Agreement.

10. ATI's investigation took place throughout the Autumn of 2011 and included, among other things:

> a. Interviews with AAMCO franchisees other than Defendants who had performed warranty repair work on vehicles originating from Defendants' Center;
>
> b. Review of Repair Orders issued by Defendants' Center;

2

c. Review of tape recorded conversations with Horn regarding a warranty repair on a vehicle originating from Defendants' Center; and

d. Forensic examination of a customer vehicle that had been serviced at Defendants' Center.

11. As a result of the investigation, ATI discovered that Defendants systematically engaged in fraudulent and deceptive practices by, among other things:

   a. selling customers rebuilt transmissions when the customers in fact received "junkyard" units that had not been rebuilt;

   b. selling customers rebuilt torque converters when the customers in fact received used converters that had not been rebuilt;

   c. recommending unnecessary repairs to customers;

   d. selling unnecessary repairs to customers;

   e. representing to customers that work was performed that was not performed; and

   f. representing to customers that parts were replaced that were not replaced.

12. When confronted with the result of ATI's investigation, Horn admitted that on multiple occasions he told customers that they were receiving a rebuilt transmission and torque converter, and charged the customer for a rebuilt transmission and torque converter, but actually installed in the customer's vehicle used transmission and torque converter units obtained from a junkyard.

13. Pursuant to the Franchise Agreement, Defendants were contractually obligated to "deal fairly and honestly with the public", and "comply at all times with all federal, state, provincial, county, city and other local laws, regulations and ordinances". *See* Ex. "A" at § 8.a. and § 8.j.

3

14.     In the event Defendants breached the obligation to "deal fairly and honestly with the public," ATI was entitled to immediately terminate the Franchise Agreement for cause. *See* Ex. "A" at § 19.1 (d).

15.     By letters dated November 18, 2011, ATI notified Defendants that, effective immediately, their franchise was terminated for failure to deal fairly and honestly with the public and demanded that Defendants immediately de-identify the Center of ATI's proprietary marks and comply with the other post-termination provisions in the Franchise Agreement, including the non-compete provision. A true and correct copy of the November 18, 2011 letter is attached hereto at Ex. "C."

16.     The Franchise Agreement contains a non-competition covenant which provides in pertinent part that:

> Franchisee acknowledges that as a franchisee of AAMCO and a participant in the System, Franchisee will receive or have access to confidential information and materials, trade secrets, and the unique methods, procedures and techniques developed by AAMCO. Franchisee further acknowledges that the development of the marketplace in which his Center is located is solely as a result of the AAMCO name and marks. Therefore, to protect the System, the AAMCO name and marks and AAMCO, and to induce AAMCO to grant Franchisee the franchise as set forth in this Agreement, Franchisee represents and warrants....For a period of two (2) years after the termination of this Agreement for any reason, which two-year period shall not begin to run until Franchisee commences to comply with all obligations stated in this section 20, Franchisee shall not: ...within a radius of ten (10) miles of Franchisee's former Center and ten (10) miles of any other Center in operation at the time of termination or any Center that has commenced operation during said two (2) year period, begin or engage in any business the same as, similar to or in competition with such Center ....

*See* Ex. "A" at § 20.

17. The non-competition covenant further provides that, in the event of its breach, ATI is entitled to injunctive relief, an equitable accounting and money damages. Specifically, the Franchise Agreement provides:

> Franchisee acknowledges that, in view of the nature of the System, the business of AAMCO, and the strength of the AAMCO names and marks, the restrictions contained in this section 20 are reasonable and necessary to protect the legitimate interests of the System and AAMCO and that any violation of such restrictions will result in irreparable injury to the System or AAMCO. Therefore, Franchisee acknowledges that, in the event of such violation, AAMCO shall be entitled to preliminary and permanent injunctive relief and damages as well as an equitable accounting of all earnings, profits, and other benefits arising from such violation, which remedies shall be cumulative and in addition to any other rights or remedies to which AAMCO shall be entitled, and the arbitration provision of section 28 shall not apply to any equitable proceeding seeking enforcement of the provisions of this section 20. If Franchisee violates any restriction contained in this section 20, and it is necessary for AAMCO to seek equitable relief, the restrictions contained herein shall remain in effect until two (2) years after such relief is granted.

*See* Ex. "A" at § 20(d).

18. Despite the termination of the franchise and ATI's demand that Defendants comply with the terms of the non-competition provision of the Franchise Agreement, Defendants continue to advertise and operate an automotive repair business from the former Center location under the name Total Automotive. The Facebook webpage for Total Automotive located at 111 Brentwood Drive, College Station, TX and printed on June 22, 2012 is attached to this Complaint at Exhibit "D."

19. ATI has attempted to re-establish an AAMCO franchised center in the College Station, TX market area. However, those efforts have been impeded by the fact that Defendants, who were trained as AAMCO operators, continue to operate an automotive repair center from the location of their former AAMCO franchise.

## COUNT I
## BREACH OF FRANCHISE AGREEMENT
## SPECIFIC PERFORMANCE AND MONEY DAMAGES

20. ATI incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 19 above.

21. After Defendants breached their obligation to "deal fairly and honestly with the public," ATI was entitled to terminate the Franchise Agreement for cause, which they did. *See* Ex. "A" at § 19.1 (d) and Ex. "C."

22. As a result of the termination of Defendants' franchise, ATI is entitled to specific performance of the Franchise Agreement, which requires Defendants to, among other things, refrain from operating an automotive repair business from the former Center location for a period of two years.

23. This restrictive covenants serve the legitimate business interests of ATI in that it is designed to protect ATI's ability to retain its goodwill, develop the market, protect the integrity of its system, and re-establish the presence of the AAMCO name in this market.

24. Although Defendants' franchise has been terminated, Defendants refuse to relinquish their interest in the Center and continue to operate an automotive repair business at the Center location.

25. In so doing, Defendants are unfairly competing with ATI and wrongfully interfering with ATI's ability to retain its goodwill, develop the market, protect the integrity of its system, and re-establish the presence of the AAMCO name in this market, all of which is causing ATI irreparable harm.

26. ATI has no adequate remedy at law, and unless an order is entered requiring specific performance of the post-termination covenants by Defendants, including the covenant

not-to-compete, and injunctive relief is granted to restrain Defendants' unlawful conduct, ATI will continue to suffer irreparable harm.

27. Pursuant to Section 21(d) of the Franchise Agreement, ATI is also entitled to damages – e.g., Defendants' "earnings, profits and other benefits arising from such violation". *See* Ex. "A" at § 21 (d).

28. As a result of Defendants' continued operation of an automotive repair business from the former Center location in breach of the Franchise Agreement, ATI has and will continue to suffer substantial damages.

29. Pursuant to Section 17 of the Franchise Agreement, ATI is also entitled to collect from Defendants "all third party costs (and in-house attorneys fees if a legal proceeding is instituted) incurred by AAMCO…in enforcing the provisions of [the Franchise] Agreement." *See* Ex. "A" at § 17.

30. As a result of Defendants' continued operation of an automotive repair business from the former Center location in breach of the Franchise Agreement, ATI has and will continue to incur third party costs and in-house attorneys fees.

## COUNT II
## DECLARATORY JUDGMENT

31. ATI incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 30 above.

32. Pursuant to 28 U.S.C. §2201, this Court has jurisdiction to determine disputes between Plaintiff and Defendants concerning the validity, operation and termination of the Franchise Agreement.

33. An actual controversy exists between Plaintiff and Defendants as to whether Defendants defaulted under the Franchise Agreement and as to the termination of said agreement.

7

34. Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendants.

35. Plaintiff has properly determined that Defendants violated the Franchise Agreement with Plaintiff because Defendants, *inter alia,* engaged in fraudulent and deceptive practices by representing to customers that work was performed that was not performed, and representing to customers that parts were replaced and/or refurbished that were not replaced and/or refurbished.

36. Pursuant to the Franchise Agreement, Plaintiff may terminate the Franchise Agreement for one or more of the breaches set forth above.

37. Plaintiff has given proper notice of termination of the Franchise Agreement to Defendants.

WHEREFORE, Plaintiff AAMCO Transmissions, Inc. requests a judgment in its favor and a Declaration that the Franchise Agreement was valid, that Plaintiff fulfilled all of its obligations under the Franchise Agreement, that Plaintiff did not negligently or willfully cause damage to Defendants, that Plaintiff properly terminated Defendants under the Franchise Agreement for one or more of the breaches described in this Complaint, and that Plaintiff provided proper notice of termination of the Franchise Agreement to Defendants.

WHEREFORE, ATI requests the following relief:

A. That Defendants, their respective officers, agents, servants, employees and all those persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from continuing to violate the post-termination covenant not-to-compete contained in the Franchise Agreement, by ceasing to operate an automotive repair center for two years at or within ten (10) miles of the location of the Center or within ten (10) miles of any other AAMCO repair center.

B.      That Defendants be ordered to file with the Court and to serve on ATI within fifteen (15) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendants to comply herewith.

C.      That ATI be awarded money damages incurred as a result of Defendants' breaches, in an amount to be determined.

D.      That the Court enter Declaratory Judgment that:

   (i)    Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendants;

   (ii)   Plaintiff has properly determined that Defendants violated the Franchise Agreement; and

   (iii)  Plaintiff has properly terminated the Franchise Agreement.

E.      That ATI be awarded its third party costs, attorneys fees and such further relief to which it may be entitled.

_____
William B. Jameson
Attorney ID. # 58949
Attorney for Plaintiff
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044
(610) 668-2900